IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

THE UNTIED STATES OF AMERICA

V    *    NO: MO-09-CR-075

PAUL JOSEPH GALVEZ

DEFENDANT'S RESPONSE TO GOVERNMENT MOTION
FOR UPWARD DEPARTURE

The defendant, by and through his attorney, files this response to the motion of the government for upward departure or variance. The defendant and the government entered into a plea agreement in this case. The defendant contends that the motion of the government for an upward departure is in violation of the plea agreement. Pursuant to the plea agreement the government agreed to dismiss two counts of the indictment and to give the defendant three acceptance points. Defendant contends that the government's motion for upward departure is in violation of the plea agreement and should not be considered by the court.

The 10th Circuit Court of Appeals has recently addressed plea agreements in an opinion. The 10th Circuit stated:

We review de novo whether the government has breached a plea agreement.(fn3) United States v. VanDam, 493 F.3d 1194, 1199 (10th Cir. 2007). In interpreting a plea agreement, we rely on general principles of contract law, United States v. Cachucha, 484 F.3d 1266, 1270 (10th Cir. 2007), and therefore "look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea," VanDam, 493 F.3d at 1199. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "That the breach of agreement was inadvertent does not lessen its impact." Id. We construe any ambiguities in the plea agreement against the government as the drafter of the agreement. Cachucha, 484 F.3d at 1270.

Defendant contends that the plea agreement precludes the government now seeking to go outside the sentence guidelines. From a substantive point the defendant would argue that if the government were allowed to argue for an upward departure then the defendant could argue for a downward departure based upon the fact that the defendant was a victim of physical child abuse (see

paragraph 51, PSI report) and of sexual abuse of a child (see paragraph 54, PSI report). Defendant contends that both he and the government are barred from requesting a sentence outside the guidelines based upon the plea agreement.

Wherefore the defendant moves the court to enter a sentence according to the sentencing guidelines and to disregard the government motion as being outside the plea agreement.

_____/s/
David Greenhaw
Box 311, Odessa, Tx 79760
432-580-7617
Bar # 08399500

I certify that by filing this motion with the court's electronic filing system that a copy of the motion was electronically delivered to K. Fleck, at the office of the ausa, on the 3rd day of September, 2009.

/s/
David Greenhaw

IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

THE UNTIED STATES OF AMERICA

V     *     NO: MO-09-CR-075

PAUL JOSEPH GALVEZ

ORDER DENYING GOVERNMENT MOTION FOR UPWARD DEPARTURE

The court, having considered the government motion for an upward departure is of the opinion that the motion should be denied.

Signed on this the _____ day of September, 2009.

_____