**FILED**

November 30, 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ J.A. _____

DEPUTY

Paul Joseph Galvez
    (Petitioner)

Case # 7:09-CR-075-01

vs

United States of America
    (Respondent)

Motion For Reduction of Sentence
Pursuant to 18 USC 3582 (c)(1)(A)
For Compassionate release and Cares Act
of 2020

    Comes Now Petitioner Paul J. Galvez files
this Motion for reduction of Sentence pro-se. Petitioner
is a layman of the law, unskilled in the law, and
requests this Motion be construed liberally.
(Haines vs Kerner 404 u.s. 519 (1972)).

    Petitioner states the following;

(1)

On April 15, 2016 the United States Sentencing Commission voted Unanimously to Amend the Federal Sentencing guidelines by making Significant changes Pertaining to Compassionate release. This Amendment is a result of the Commissions review of the policy statement Pertaining to "Compassionate release" at 1b1.13 (Reduction in Term of imprisonment as a result of a Motion by FBOP). The Amendment broadens certain eligibility criteria and encourages the Director of the Bureau of Prisons to file a motion for Compassionate release when "Extraordinary and Compelling reasons" exist. Pursuant to 18 USC 3582 (C)(1)(A) a Sentencing Court on Motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate Sentenced Pursuant to the Comprehensive Crime Control Act of 1984.

Moreover as part of the First Step Act enacted on December 21, 2018 Congress Amended 18 USC 3582 (C)(1)(A)(i) to provide the Sentencing Judge Jurisdiction to consider a defense motion for reduction of Sentence under the Subsection when "the Defendant has fully exhausted all administration Rights to Appeal a failure of the Bureau of prisons to bring a Motion on the Defendants behalf" First Step Act of 2018 at 119.

On March 27, 2020 in response to the Covid-19

Pandemic Crisis, the president signed the Cares Act which among other things, gives the Bureau of prisons Director the discretion to "lengthen the maximum amount of time a prisoner spends in home Confinement. Coronavirus Aid, Relief, and Economic Security Act (Cares Act) P.L. 116-136 Section 12003 (b)(2) (March 27, 2020). On March 26 and April 3, 2020 the attorney General Issued memoranda directing the Bureau of prisons to prioritize the use of home Confinement and, in light of the Cares Act provisions pertaining to Home Confinement, to immediately review all inmates who have covid-19 risk factors at Institutions where covid-19 is materially affecting operations. The court have broad discretion pursuant to the Cares Act Signed by President Trump to issue Home Confinement or issue a Sentence reduction where covid-19 is affecting the Institution and inmates at there facility.

Despite Bop's best efforts to establish and Implement Anti covid-19 protocols, inmates have Still become ill or Succumbed to the virus. Certainly the Health conditions of Petitioner Paul J. Galvez make him an ideal Candidate for release and a Potential candidate for death As A result of covid-19. The medical records at FCC coleman reflects that Petitioner is diagnosed with hyperlipidemia, obesity, hypertension, asthma, chronic Joint pain, Sleep abnea, carpel tunnel syndrome, GERD, diverticulosis of

(3)

Intestine, Joint disorder, lower back pain and cervicalgia. These medical conditions are individuals at highrisk if the Covid-19 is contracted. Experts found that individuals at high risk for severe disease and death include people such as the Petitioner, which are medically Vulnerable as identified by Attorney General Barr. In addition Petitioner meets the criteria set forth in program statement 5050.50 dated January 17, 2019 as well as U.S.S.G. 1b1.13 for reducing the term of his sentence to time served or Home Confinement. There is no doubt that Petitioner debilitating medical conditions coupled with the Covid-19 crises rises to the level of Extraordinary and compelling circumstances.

Petitioner case in point Petitioner has Petition the warden with a Bp-8 and a Bp-9 exhausting administrative remedies. Petitioner was Unjustly denied and Appealed to the Regional office with a Bp-10, which was Sent July 22, 2020 The Regional office of the FBOP refuses to answer this Bp-10 (Administrative Remedy) and has surpassed more then 30 Days. The Regional office is neglecting the fact that Petitioner medical conditions are High risk if Contracted and a Fatal Consequence can occur. At FCC Coleman medium inmates and staff are testing Positive and affecting Normal operations. Petitioner has tested Negative and is in danger of Contracting the Covid-19 if He remains at

FCC Coleman Medium. His Medical Conditions qualify
him for the CAres Act to Home Confinement were
He will be Safe. No matter what cautions the
FBop takes it cannot Contain this deadly virus.
Prison are ill-equipped to prevent the spread of
Covid-19. Public health experts who recommended
Containing the virus through measures Such as
Social Distancing, Frequently disinfecting shared
Surfaces, frequently washing hands or using hand
Sanitizer recognize that these precautions are
virtually impossible to implement in a prison setting.
Joseph J. Amon an infectious disease epidemiologist
and Director of Global health and clinical professor
in the Department of Community health and pre-
vention at the Drexel Dornsite School of Public
health, has studied infectious diseases in detention
Settings and States;

> Detention facilities have even greater risk
> of infectious spread because of the Conditions
> of crowding, the proportion of vulnerable
> People detained, and other Scant Medical Care.
> People live in close quarters and also are
> Subject to Security Measures which Prohibit
> Successful Social Distancing that is needed
> to effectively prevent the spread of Covid-19.
> Toliet, Sinks, and showers are shared without
> disinfection between use. Food preparation
> and Food Service is Communal, with little
> Opportunity For Surface disinfection. The

crowded conditions in both sleeping areas and social areas, and the shared objects (bathroom, sinks, etc) will facilitate transmission. Some jails and prisons have already become COVID-19 Hot spots. For instance the infection rate in New York City As well as Florida is far outpacing the infection rate in the City as a whole. FCC coleman Medium has several inmates who have tested Positive and Units are being Quarintine frequently. The numbers of infected rise weekly.

Petitioner understands and acknowledges that He has a debt to pay to Society therefore requests that Home Confinement be issued in order to Save his life from this COVID-19 pandemic which He is A High risk and Can have a fatal consequence to know fault of his own but for this COVID-19 Virus.

## Proposed Release Plan

Petitioner Paul J. Galvez was released or issued Home Confinement He would reside with his Father Robert Galvez at 5110 Highway 14 New Iberia, LA 70560. Robert Galvez telephone number is (337) 257-3390 for verification a Home address For Petitioner.

## Conclusion

Petitioner Hopes and prays that the Honorable Court will Grant this Motion for Compassionate release Due to Petitioner's medical Conditions considering the Ongoing Coronavirus pandemic. The FBOP is deliberately holding up Petitioner's administrative Remedies at the Regional level. The First Step Act of 2018 States if a 30 Day lapse is passed with no response that you may proceed to the Court. This should apply at every level. Petitioner is at high risk of Serious illness or death if COVID-19 is contracted if he remains detained. The fact that the Bop has limited health Care resources and is already battling to Contain the spread of the virus gives more reason to Grant Compassionate release or Home Confinement as the "CARES Act" states signed by the President and Congress. Petitioner humbly requests Compassionate release or Home Confinement in order to Save his life.

Date 11-24-2020

28 USC 1746

Respectfully Submitted

x Paul G. Sully

Paul Joseph Galvez

Reg# 17871-280 (B-1)

Federal Correctional Complex Medium

Po Box 1032

Coleman FL. 33521

(7)

## Certificate of Service

    I Hereby certify that a true and correct Copy has been furnished VIA U.S. Postal Service on ___24 TH___ day of ___November___ 2020 TO;


" Clerk of Court"                                    CC: " USA Attorney "
655 E. Cesar E chavez Blvd.
San Antinio , Texas 78206
(Room G65)


Date 11-24-2020                          Respectfully Submitted
28 USC 1746                              X _Paul J. Galvez_
                                                Paul J. Galvez
                                                Reg# 17871-280

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Galvez Paul J. 17871-280 B-1 FCC coleman Medium
LAST NAME, FIRST, MIDDLE INITIAL · REG. NO. · UNIT · INSTITUTION

**Part A - REASON FOR APPEAL**

I requested a Compassionate release Pursuant to program Statement 5050.50 Compassionate release reduction in Sentence Pursuant to 18 usc 3582(c)(1)(A) and 4205(g) based on Medical Circumstances and the Pandemic of the COVID-19. My Medical records State that I'm Diagnosed with hyperlipidemia, obesity, hypertension, asthma, chronic Joint Pain, Sleep Abnea with a C-pap Machine for breathing, Carpel tunnel syndrome, GERD, diverticulosis of intestine, Joint disorder, lower back pain, Cervicalgia; and high blood Pressure. If the COVID-19 were to be contracted it would lead to a fatal consequence Due to my Medical Conditions. The covid-19 virus effects the Respiratory System and are prone to a fatal Consequence Due to my Medical Conditions. The covid-19 virus effect the Respiratory System and can have a fatal Consequence Due to my astma, diverticulosis of Intestine alone which the virus attacks and with the Rest of my

(See attached)

7-14-20
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE CASE NUMBER: 1031108-F1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

Attached

medical conditions the virus can have a unfortunate outcome to me if continued to be left in this prison Enviroment. President Trump enacted the CARES Act for inmates with Sickness as myself that releases inmates to Home Confinement for safety Purposes. Three Units have been closed for Quareenteen because of the Corona virus outbreak at Fcc Coleman Medium. My life is at Risk and at Stake. In addition I want to bring forth that these Denials have Different Signatures by staff. Therefore I'm appealing this Denial by staff and the warden at FCC coleman Medium and humbly request that the proper person is viewing my Medical Records correctly. I'm requesting humbly Compassionate release Due to my Medical conditions and the Cares Act enacted by President Trump in which my Medical Conditions qualify because of the COVID-19 pandemic

Respectfully Submitted

Kelly

7-14-20

**Response to Request for Administrative Remedy Case Number: 1031108-F1**

This is in response to your Request for Administrative Remedy receipted on July 2, 2020; in which you are requesting reconsideration for early release.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1 )(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. Your concern of being potentially exposed to, or possibly contracting, COVID-19, does not warrant an early release from your sentence.

**Accordingly, your Request for Administrative Remedy is Denied.**

If you are dissatisfied with this response, you may appeal by filing a BP-10, to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, Building 2000, 3800 North Camp Creek Parkway SW, Atlanta, GA 30331-5099, within 20 calendar days from the date of this response.

_____                          _____
J. M. Henger, Warden                                      Date

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Galvez, Paul J.     17871-280     B-1     Fcc Coleman Medium

      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

    I requested a Compassionate release Pursuant to Program statement 5050.50 compassionate release reduction in Sentence Pursuant to 18 usc 3582 (c)(1)(A) and 1205(g) based on medical circumstances and the pandemic of the COVID-19. My Medical records state that I'm Diagnosed with hyperlipidemia, obesity, hypertension, Asthma, Chronic Joint pain, sleep Apnea with a c-pap Machine for breathing, Carpel tunnel Syndrome, GerD, diverticulosis of intestine, Joint disorder, lower back pain, Cervicalgia,      and Highblood pressure. IF the COVID-19 were to be contracted it would lead to a Fatal Consequence Due to my medical Conditions. The COVID-19 virus effects the Respiratory System and are prone to a Fatal Consequence Due to my Medical Conditions. The COVID-19 virus effects the Respiratory System and Can have a Fatal Consequence

                 (see attached)

6-29-20

DATE                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**

received 7/2/20

DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 103110 8-F1

                                            CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

       DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

## Attached

Due to my asthma, diverticulasis of Intestine alone which the virus attacks and with the Rest of my medical Conditions the virus can have a unfortunate Outcome To Me if continued to be left in this prison enviroment. President Trump enacted the Cares Act for inmates with sicknesses as myself that releases inmates to Home Confinement for Safety Purposes. Therefore I'm appealing this Denial by Staff at FCC coleman Medium and humbly request Compassionate release Due to my Medical Conditions and the cares Act enacted by president Trump in which my Medical Conditions qualify.

6-29-20

**Response to Inmate Request to Staff**

Inmate: GALVEZ, Paul Joseph
Register Number: 17871-280
Institution / Housing Unit: COM / B02-052L

This is in response to your Inmate Request to Staff Member, in which you request consideration for a Compassionate Release/Reduction in Sentence under Section 3., Requests Based on Medical Circumstances, Subsection b., Debilitated Medical Conditions.

In accordance with Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence, Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g),</u> requests for a Compassionate Release/Reduction in Sentence are considered for eligible offenders. A review of your medical documentation reflects you are diagnosed with hyperlipidemia, obesity, hypertension, asthma, chronic joint pain, sleep apnea, carpel tunnel syndrome, GERD, diverticulosis of intestine, joint disorder, lower back pain and cervicalgia. Though you have multiple medical conditions, you are being treated in accordance with evidenced based standards. Your condition is stable, you are not terminally ill, and your life expectancy is normal for your age. You are not completely disabled and totally confined to a bed or chair. You are able to independently attend to your activities of daily living and your medical condition does not affect your ability to function in a correctional setting.

After careful review of this information, consideration for Compassionate Release/RIS is denied. In compliance with Bureau of Prisons' Program Statement 5050.50, titled Compassionate Release/Reduction in Sentence, you may appeal this denial through the Administrative Remedy Program if you are unsatisfied with this response.

I trust this information adequately addresses your concerns.

J. M. Henger, Warden                          6-23-0

_____                    _____
J. M. Henger, Warden                          Date

**Response to Inmate Request to Staff**

Inmate: GALVEZ, Paul J.
Register Number: 17871-280
Institution / Housing Unit: COM/B02-052L

You requested a reduction in sentence (RIS) based on concerns about COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. Your concern of being potentially exposed to, or possibly contracting, COVID-19, does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

J. M. Henger, Warden

6·25·20
Date

*Received a. 6.26.20*

PAul GAlvez #17871280
FedeRAL BuReau of PRisons
PO. Box 1032
Coleman FL. 33521

RECEIVED

NOV 30 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNited STATe's DisTRict couRT
WesteRN DisTRict of TexAs
655 E. CesAR E. ChAveZ Blvd. Room 665
SAN ATonio, Tx 78206

